UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **MAIBETH KEITH,** | } |
| Plaintiff, | } |
| v. | } Case No.: 2:18-cv-2126-RDP |
| **ATLAS RFID SOLUTIONS LLC,** | } |
| Defendant. | } |

## MEMORANDUM OPINION

This case is before the court on the parties' Joint Motion to Place the Complaint Under Seal. (Doc. # 16). The parties inform the court that they have reached a settlement of Plaintiff's gender discrimination claim under Title VII of the Civil Rights Act. (*Id.*). As part of the settlement terms, Defendant requested and Plaintiff agreed to the filing of this motion. (*Id.*). Defendant believes that the Complaint and the attached EEOC charge "contain[] more than allegations of discrimination against the Defendant as a corporate entity [and actually go] further and make[] specific allegations against identifiable individuals." (*Id.*). After careful review, having conducted a conference on the Motion, and for the reasons explained below, the court concludes that the Motion to Place the Complaint Under Seal (Doc. # 16) is due to be denied.

The good news for Defendant is that a complaint is simply a complaint. The court and the public understand that allegations contained in a complaint do not constitute an admission or proof of anything, and the court has made no findings as to whether Defendant discriminated against Plaintiff. The bad news for Defendant is that complaints like this one are inexorably part of the public record, and the public has a "right to inspect and copy public records and documents." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001). Absent

1

a showing of exceptional circumstances, the court cannot compromise this right of access by sealing pleadings or other non-discovery civil filings. *See Ciba Specialty Chemicals Corp. v. Tensaw Land & Timber Co.*, 2006 WL 680561, at *2 (S.D. Ala. Mar. 16, 2006); *see also Brown v. Advantage Engineering, Inc.*, 960 F.2d 1013, 1016 (11th. Cir. 1992) (a court's denial of the public's right of access must be "necessitated by a compelling governmental interest" and "narrowly tailored to that interest").

Here, the parties have not shown extraordinary circumstances that would warrant sealing the Complaint. *See Brown*, 960 F.2d at 1016 ("It is immaterial whether the sealing of the record is an integral part of the negotiated settlement between the parties…Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case."). The court understands the desire to protect the privacy and reputations of the individuals involved, but Defendant is reminded that well-over 2,000 civil cases were filed in the Northern District of Alabama in 2018.[1] Identifying the individuals mentioned in Plaintiff's Complaint would be equivalent to finding three needles in 365 haystacks. For these reasons, the Motion is due to be denied.

**DONE** and **ORDERED** this April 1, 2019.

*[signature]*
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE

---

[1] *See* https://www.uscourts.gov/federal-judicial-caseload-statistics-2018-tables.